MR. JUSTICE MORRISON,
concurring and dissenting:
I concur and dissent as follows.
I concur with the resolution of issue one. I dissent from the resolution of issue two. The owner’s policy is primary. *111 Mountain States Casualty Co. v. American Casualty Co. (1959), 135 Mont. 475, 342 P.2d 748.
Section 61-6-301(1), MCA, places the primary responsibility for insurance upon the owner. The majority seeks to avoid relevant application of the statute by saying the statute does not specifically-refer to excess clauses. That argument misses the point. The statute does not show that there is a public policy in Montana, reflected by this legislation, which makes the owner of a vehicle primarily responsible for insurance. Therefore, when two policies have excess clauses, the proper way to resolve the conflict is to make the owner’s policy primary and the other policy excess.
The important thing in the resolution of these controversies is to have a clear and consistent rule. The majority’s resolution of issue two will make it necessary to have an ad hoc determination depending upon policy language. A far simpler approach is to make the owner’s policy primary and the other policy excess.
This seems to me to be a case where the majority, in seeking to do equity in this case, has created bad legal precedent. The guidelines are confusing and more litigation will result.